STOKER, Judge.
The defendants appeal from a summary judgment recognizing a mortgage in favor of the plaintiff, and awarding the plaintiff $20,777.66 as the holder of a hearer note executed by the defendants.
Vinton Oil & Gas Company executed a promissory note on August 6, 1981 payable to bearer in the amount of $28,028.64. Vin-ton’s president, Raymond C. Davis, signed as co-maker. The note was secured by a mortgage on Vinton’s interest in certain oil wells. At some point, John Siess acquired the note and the mortgage, evidently to better his position with respect to a much larger, but unsecured note executed by Vinton.
On November 30, 1982 Siess sought to foreclose on the mortgage by executory process. He alleged that no payment had been made since December 7, 1981, and that the balance due was $20,777.66. Raymond Davis sought the arrest of the seizure and sale on the grounds that the debt had been fully paid. The district judge vacated the order of executory process, and provided that “this matter be converted to ordinary process.”
Siess filed a petition for sequestration on October 21, 1983, alleging that Vinton was in a position to conceal, dispose of or waste property or revenues to the prejudice of his mortgage. The district judge ordered that the mortgaged interests be seized, and that Siess be appointed keeper. On November 14, 1983 the writ of sequestration was dissolved on Siess’ motion, as the parties had “amicably resolved the differences which resulted in the sequestration.” Apparently, Siess' attorney continued to collect the proceeds from the oil well interests.
On May 17, 1984 the defendants filed a motion for a rule to show cause why the note should not be canceled as paid in full. The escrow agent had applied some of the oil well proceeds to the $28,028.64 note, and some to the larger unsecured debt. If all the proceeds had been credited to the smaller note, that debt would have been paid in full. However, the district judge determined that the defendants had acquiesced in the division of the funds, and had forfeited any right they might have had to object.
Based on that judgment, Siess filed a motion for summary judgment for $20,-777.66, the amount originally demanded in the foreclosure petition of November 30, 1982. The district judge granted the summary judgment on June 20, 1985, and the defendants appeal.
The appellants’ sole assignment of error is aimed at the validity of any agreement as to the division of the oil well funds, in light of LSA-R.S. 9:5133, which requires the keeper of mortgaged interests to apply all proceeds from those interests to the secured debt. We find no need to reach that issue, as we find that the granting of the summary judgment was inappropriate for other reasons.
A summary judgment may only be granted when there is no genuine issue of material fact. LSA-C.C.P. art. 966. In this case, there is evidence to suggest that while the balance due on the note as of November 30, 1982 may have been $20,-777.66, by the time of the summary judgment on June 20, 1985 the debt had been substantially reduced.
Siess was not entitled to a judgment in that amount as a matter of law. We reverse the summary judgment, and we remand this case to the trial court for a determination of the amount actually due and owing on the promissory note.
REVERSED AND REMANDED.